IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMSOUTH BANK,

    Plaintiff,

vs.                                                                Civ. No. 06-722 JP/ACT

MISSISSIPPI CHEMICAL CORP.,
MISSISSIPPI POTASH, INC.,
CHARLES OWEN ENGINEERING LLC,
TERRA INDUSTRIES, INC., and
UNITED STATES FISH AND WILDLIFE SERVICE,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

On August 11, 2006, Plaintiff Amsouth Bank filed a complaint (Doc. No. 1) in the nature of an interpleader action in the District of New Mexico naming as defendants and adverse claimants Mississippi Chemical Corp., Mississippi Potash Inc., Charles Owen Engineering LLC, Terra Industries, Inc., the U.S. Probation Office for the District of New Mexico, and the U.S. Fish and Wildlife Service. The case was reassigned to the Honorable J. Thomas Marten of the District of Kansas.[1] The two federal defendants filed a motion to dismiss for lack of subject matter jurisdiction based on their sovereign immunity. (Doc. No. 13.) On December 15, 2006 Judge Marten entered a Memorandum Order and Opinion (Doc. No. 20) dismissing the U.S. Probation Office based on sovereign immunity, but holding that 5 U.S.C. § 702, the Administrative Procedure Act, waived the immunity of the U.S. Fish and Wildlife Service. Thereafter, on December 22, 2006, Plaintiff filed its First Amended Complaint for Interpleader (Doc. No. 21), asserting federal jurisdiction based on statutory interpleader, 28 U.S.C. § 1335(a), and the Administrative Procedure Act, 5 U.S.C. § 702. (First Am. Compl. ¶ 7.)

The party who seeks to invoke federal jurisdiction bears the burden of establishing by a

---

[1]The case was reassigned to Judge Marten because the status of the U.S. Probation Office for the District of New Mexico as a defendant created a conflict for all of the judges in this district. On May 9, 2007 Judge Marten entered a Memorandum and Order (Doc. No. 42) stating that because the U.S. Probation Office had been dismissed, it no longer was necessary for him to resolve the case which should be reassigned to a New Mexico judge.

preponderance of the evidence that jurisdiction is proper. *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). Typically, the burden falls on the Plaintiff. However, the current posture of this case is the second stage of an interpleader action involving a fund in which the Plaintiff claims no interest, and the Plaintiff has been dismissed. (Doc. No. 31.) Therefore, it is the defendants with a claim upon the fund who must establish the court's jurisdiction. On November 19, 2007, the Court requested supplemental briefing from the remaining parties, Charles Owen Engineering LLC and the U.S. Fish and Wildlife Service, on the Court's subject matter jurisdiction. (Doc. No. 45.) After reviewing the bases for jurisdiction alleged originally by the Plaintiff and those argued by the remaining defendants, the Court concludes that the parties have failed to establish federal subject matter jurisdiction.

Plaintiff's amended complaint states that there is jurisdiction under 28 U.S.C. § 1335, the Federal Interpleader Act, which establishes alternative diversity jurisdiction requirements for interpleader actions brought under the statute. Most notably, the Act requires diversity among the adverse claimants, rather than between the plaintiff and defendants. *Id.* § 1335(a)(1). Here, the adverse claimants are not diverse. Charles Owen Engineering LLC is a citizen of Mississippi. (First Am. Compl. ¶ 4.) Federal agencies such as the U.S. Fish and Wildlife Service are not citizens of any state for diversity purposes. *See Comm. Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993); *see also Texas v. Interstate Commerce Comm'n*, 258 U.S. 158, 160 (1922) (holding that ICC and the Railroad Labor Board are not citizens of any state). Mississippi Chemical Corp. and Mississippi Potash, Inc. have both been dissolved in bankruptcy since the suit was filed. (Def. Charles Owen Engineering, LLC's Answer to First Am. Compl. (Doc. No. 24) ¶¶ 2–3.) Charles Owen Engineering LLC argues that there is diversity among the defendants because Terra Industries, Inc. is an Iowa corporation and citizen (Owen Suppl. Brief, at 4–5.) However, Terra Industries, Inc. has not answered or entered an appearance in this action, and is therefore not a "real and substantial party to the controversy." *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980); *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369 (10th Cir. 1998). Because there is no diversity of citizenship between the real adverse claimants, Charles Owen Engineering LLC and the U.S. Fish and Wildlife Service, the Court concludes that the statutory interpleader jurisdiction requirements are not satisfied.

The other basis for federal jurisdiction cited by Plaintiff is the Administrative Procedure Act (APA). The Court has jurisdiction under the APA only if the agency has taken "final agency

action" for which there is no other remedy in a court. 5 U.S.C. § 704; *Colo. Farm Bureau Fed'n v. U.S. Forest Serv.*, 220 F.3d 1171, 1173 (10th Cir. 2000) (parties "rely[ing] on the judicial review provisions of the APA . . . must . . . satisfy the 'statutory standing' requirements of the APA'"). Agency action is considered final when: (1) the action marks "the 'consummation' of the agency's decisionmaking process;" and (2) the action is one by which "'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (citations omitted). In supplemental briefing requested by the Court, the parties concede that U.S. Fish and Wildlife Service took no final agency action. (FWS Suppl. Brief, at 1–2; Owen Suppl. Brief at 1–3.) Therefore, the APA does not provide a federal question that can serve as the basis for jurisdiction under 28 U.S.C. § 1331.

In its supplemental brief, the U.S. Fish and Wildlife Service evaluated two other potential bases for jurisdiction: the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2201–2202. (FWS Suppl. Brief at 8–9.) The U.S. Fish and Wildlife Service concluded that neither statute provides jurisdiction and the Court agrees.

Neither Plaintiff's First Amended Complaint nor the briefing by the adverse claimants, the two remaining defendants, establishes the jurisdiction of this Court to adjudicate the parties' claims to the interpleaded funds.

IT IS THEREFORE ORDERED that this action is dismissed, without prejudice, for lack of subject matter jurisdiction.

_____
SENIOR UNITED STATES DISTRICT JUDGE